# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3664

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Francisco Javier Macias-Perez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 26, 2012
Filed:  July 27, 2012

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Francisco Javier Macias-Perez pled guilty to a drug offense.  The district court[1] imposed the statutory minimum sentence of 120 months in prison.  On appeal, Macias-Perez's counsel seeks leave to withdraw, and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), arguing that the sentence may be constitutionally defective because it constitutes cruel and unusual punishment or because it violates due process.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The written plea agreement contains an appeal waiver, in which (as relevant here) Macias-Perez waived his right to appeal his sentence and conviction. After careful de novo review of the record, *see United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009), this court enforces the appeal waiver because Macias-Perez entered into the plea agreement and appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waivers).[2] Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), within the constraints of the appeal waiver, this court finds no nonfrivolous issues.

The judgment of the district court is affirmed, and counsel is granted leave to withdraw.

_____

[2]Macias-Perez retained the right to appeal a "constitutionally defective" sentence, but his constitutional challenge is foreclosed by circuit precedent. *See United States v. Turner*, 583 F.3d 1062, 1068 (8th Cir. 2009). The other exceptions to the appeal waiver for a sentence that contravened the plea agreement, or exceeded the statutory maximum, are not applicable either.